UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MONTES AND MATEO ARTEAGA,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF YAKIMA; MICAH CAWLEY, in his official capacity as Mayor of Yakima; and MAUREEN ADKISON, SARA BRISTOL, KATHY COFFEE, RICK ENSEY, DAVE ETTL, and BILL LOVER, in their official capacity as members of the Yakima City Counsel,<br><br>                    Defendants. | NO:  12-CV-3108-TOR<br><br>STIPULATED PROTECTIVE ORDER |

   BEFORE THE COURT is the parties' Joint Motion for Entry of Stipulated Protective Order (ECF No. 47).  This matter was submitted for consideration on an expedited basis without oral argument.  Pursuant to the parties' stipulation, the Court **GRANTS** the motion and enters the following protective order:

STIPULATED PROTECTIVE ORDER ~ 1

# **STIPULATION**

**1.    Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. The parties to this action (the "Parties") stipulate that the following Protective Order apply to documents and information produced or disclosed in this case:

**2.    Confidential Information or Material**

By designating material as "Confidential," as provided in this agreement, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information, such as (a) Plaintiffs' medical records or other similarly-sensitive personal

information; (b) sensitive confidential information of third-party non-litigants; or (c) either party's accounting information or tax records.

**3.     Highly Confidential Information or Material**

By designating material as "Highly Confidential," as provided in this agreement, the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely sensitive confidential information, such as information relating to company trade secrets, competitive and strategic initiatives, or extremely sensitive confidential information of third-party non-litigants.

**4.     Scope**

The protections conferred by this agreement cover not only Confidential and Highly Confidential material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Highly Confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER ~ 3

**5.     Access to and Use of Confidential and Highly Confidential Materials**

    **5.1     Basic Principles.**  A receiving party may use Confidential and Highly Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential and Highly Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential and Highly Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    **5.2     Disclosure of "Confidential" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

    (a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

    (c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER ~ 4

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5.3  Disclosure of "Highly Confidential" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential material only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of Highly Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Highly Confidential material to third parties and to immediately return all originals and copies of any Highly Confidential material;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5.4  Filing Confidential or Highly Confidential Material.**  Before filing Confidential or Highly Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential or Highly Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  If counsel cannot

STIPULATED PROTECTIVE ORDER ~ 6

reach agreement, then a properly noted motion to seal must be filed *contemporaneously* with the sealed document.  If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide at least seven (7) days notice to the other party(ies), so that a motion to seal, if necessary, may be prepared and filed *at the same time* as the material is submitted under seal to the Court.

      Counsel shall use the Case Management and Electronic Document Filing ("CM/ECF") system to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule 5.1.  In association with any stipulation or motion to seal, the parties shall bring to the Court's attention the requested disposition of the confidential documents in the event the stipulation or motion is denied.  For example, a party may request that, in the event the stipulation or motion is denied, the documents containing confidential information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the confidential material.  Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of confidential documents or information.

STIPULATED PROTECTIVE ORDER ~ 7

With respect to Confidential or Highly Confidential information or material to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record.  The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information.  At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality.  Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

**6.    Designating Protected Material**

**6.1    Manner and Timing of Designations.**  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings):  The designating party must affix, as appropriate, the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a

page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c)    <u>Other tangible items</u>:  The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored, as appropriate, the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**6.2    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

STIPULATED PROTECTIVE ORDER ~ 9

**7.	Challenging Confidentiality Designations**

    **7.1	Timing of Challenges.**  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **7.2	Meet and Confer.**  The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    **7.3	Judicial Intervention.**  If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7.1.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those

STIPULATED PROTECTIVE ORDER ~ 10

made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**8.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

STIPULATED PROTECTIVE ORDER ~ 11

**9.     Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

STIPULATED PROTECTIVE ORDER ~ 12

**11.     Non-Termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 10, 2013.

*signature: Thomas O. Rice*
THOMAS O. RICE
United States District Judge

STIPULATED PROTECTIVE ORDER ~ 13