HONORABLE THOMAS O. RICE

Sarah A. Dunne, WSBA No. 34869
La Rond Baker, WSBA No. 43610
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Email: Dunne@aclu-wa.org
       LBaker@aclu-wa.org

Kevin J. Hamilton, WSBA No.15648
Abha Khanna, WSBA No. 42612
William Stafford, WSBA No. 39849
Perkins Coie LLP
1201 Third Avenue, Ste. 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Email: KHamilton@perkinscoie.com
       AKhanna@perkinscoie.com
       WStafford@perkinscoie.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MONTES and MATEO ARTEAGA,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF YAKIMA, MICAH CAWLEY, in his official capacity as Mayor of Yakima, and MAUREEN ADKISON, SARA BRISTOL, KATHY COFFEY, RICK ENSEY, DAVE ETTL, and BILL LOVER, in their official capacity as members of the Yakima City Council,<br><br>　　　　　Defendants. | NO. 12-CV-3108 TOR<br><br>PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM<br><br>NOTED FOR HEARING:<br><br>August 20, 2014<br><br>Without Oral Argument |

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................... 1

II.  STATEMENT OF FACTS ..................................................................... 1

III. ARGUMENT .......................................................................................... 2

    A.   The Court Should Exclude Dr. Thernstrom's Testimony Pursuant to Federal Rule of Evidence 702 .................................... 2

        1.   Dr. Thernstrom Is Not Qualified to Render Opinions Related to Yakima's Racial Dynamics. .............................. 2

        2.   Dr. Thernstrom's Analysis Lacks A Sufficient Factual Basis and Is Not the Product of Reliable Principles and Methods ........................................................ 4

    B.   Dr. Thernstrom's Analysis is Unreliable Because it is Predicated on His Fundamental Disagreement With the Basic Tenets of the VRA ............................................................ 9

IV. CONCLUSION ..................................................................................... 10

PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE EXPERT TESTIMONY
OF S. THERNSTROM – ii

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.  INTRODUCTION

Pursuant to Federal Rule of Evidence 702, Plaintiffs move this Court for an order excluding the testimony of Defendants' expert witness, Dr. Stephan S. Thernstrom, because his methods and his testimony do not comport with the legal requirements of an expert witness.

## II.  STATEMENT OF FACTS

Defendants hired Dr. Stephan Thernstrom as an expert witness to address contemporary and past discrimination against Latinos in the Yakima Valley and the effects of discrimination on Yakima's Latino community.  Dr. Thernstrom has been paid over $150,000 to opine on this subject matter even though he has never been to Yakima or spoken with a Yakima resident, and has not even set foot in Washington State since 1941.  Declaration of Kevin Hamilton (hereinafter "Hamilton Decl.") Ex. A, Thernstrom Deposition 10:8-22 (hereinafter "Thernstrom Dep.").

Dr. Thernstrom presented a total of four reports in the course of discovery, including a "corrected" version of his initial report that Dr. Thernstrom prepared after Plaintiffs deposed him regarding various obvious errors in his initial report.  *See* Hamilton Decl. ¶¶ 1-5, Exs. B-E.  None of these reports reflect Dr. Thernstrom's original research.  Thernstrom Dep. 12:16-13:1.  Instead, Dr. Thernstrom simply reviewed Plaintiffs' expert witnesses' reports and the documents they obtained through their research and then set out to do what is solely in the province of the trier of fact: "assess the testimony of two of the expert witnesses retained by Plaintiffs—Dr. Luis Fraga and Dr. Frances Contreras—and [] judge whether the evidence they offered was sufficient to support the charge that

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the City of Yakima [violated Section 2 of the Voting Rights Act]." Hamilton Decl. Ex. B (hereinafter "Thernstrom Report") at 2.

### III.    ARGUMENT

**A.    The Court Should Exclude Dr. Thernstrom's Testimony Pursuant to Federal Rule of Evidence 702**

Dr. Thernstrom should not be permitted to testify about the racial dynamics of a locale he has never studied and never visited or opine about whether he believes Plaintiffs have shown they are entitled to a legal remedy that he does not believe should exist.  A party offering expert testimony must establish that (1) the expert is qualified; (2) the testimony is based on sufficient facts or data; and (3) the testimony is the product of reliable principles and methods.  *See* Fed. R. Evid. 702; *Bldg. Indus. Assn of Wash. v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir. 2012).  Dr. Thernstrom's testimony should be excluded because it does not meet any of the three requirements imposed by Rule of Evidence 702.

#### 1. Dr. Thernstrom Is Not Qualified to Render Opinions Related to Yakima's Racial Dynamics.

In order for expert testimony to be admissible, the expert must be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702.  In assessing whether an expert is qualified, "the trial judge should not rely on labels, but must investigate the competence a particular proffered witness would bring to bear on the issues." *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 850 (6th Cir. 1981).  Thus, in order to admit his testimony, this Court must find that Dr. Thernstrom "show[s] special knowledge of the very question upon which he is to express an opinion." *George v. Morgan Const. Co.*, 389 F. Supp. 253, 259 (E.D. Pa. 1975).

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

68142-0004/LEGAL29325900.8

By trade, Dr. Thernstrom is a social science historian. Thernstrom Dep. 19:6-7. But Dr. Thernstrom has never conducted social science research into past and present-day racial dynamics between Whites and Latinos in Yakima or the economic and academic achievement of Latinos in Yakima, the Yakima Valley, or Washington State. Thernstrom Dep. 61:16-19. These topics are the very questions upon which Defendants have asked him to opine. *Id*. at 62:19-63:2. While Dr. Thernstrom may be qualified to opine on the social history of locales that he has in fact studied, his title, standing alone, does not render him qualified to opine on the history of racial dynamics and effects of discrimination on Latinos in Yakima. As Dr. Thernstrom has no experience with race relations in the areas actually at issue in this case, it is difficult to understand what "special knowledge" he brings that would justify his service as an expert witness.[1]

At least one other court has rejected testimony from Dr. Thernstrom because of his lack of knowledge about local racial dynamics in the context of a Voting Rights Act ("VRA") challenge to a county's at-large election system. *Large v. Fremont Cnty.*, 709 F. Supp. 2d 1176 (D. Wyo. 2010). While finding that Dr. Thernstrom "may be an expert on research methodology," the U.S. District

---

[1] Indeed, Dr. Thernstrom's lack of even basic knowledge about Yakima, the region, and its population is readily apparent. For example, Dr. Thernstrom does not know the significant role agriculture has played, and still plays, in the economic development of Yakima, Thernstrom Dep. at 68:11-17, just as he does not know of "any ethnographic or demographic discussion of the composition of neighborhoods" in Yakima, *id*. at 69:16-70:8.

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 3

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Court of Wyoming "wholly reject[ed] the opinions he proffered on the historic and present day experience of Native people and race relations in Fremont County, as it was apparent that Dr. Thernstrom was not only treading far outside of his narrow role . . . but was also testifying about matters in which he had little experience or knowledge." *Id.* at 1231.

The same is true here.  Dr. Thernstrom is not qualified to be an expert witness in this matter because he has conducted no relevant research regarding Latinos in Yakima, the Yakima Valley, or the State of Washington.  The Court should exclude his opinions for this reason alone.

### 2. Dr. Thernstrom's Analysis Lacks A Sufficient Factual Basis and Is Not the Product of Reliable Principles and Methods

Not only is Dr. Thernstrom unqualified to opine about race relations in Yakima, but his "methodology" is profoundly flawed.  Indeed, Dr. Thernstrom's analysis consists of nothing more than his own bald and unsupported assertions.  Under Rule 702, this does not suffice.

Expert testimony must be based upon "sufficient facts or data."  Fed. R. Evid. 702(2); *see also Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001) ("[A]n expert must back up his opinion with specific facts.") (internal quotation marks and citations omitted).  In making a determination about the admissibility of expert witness testimony, the Court must necessarily address the extent to which an expert places greater emphasis on certain "facts or data" while "discounting the significance of more relevant criteria."  *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 408 (6th Cir. 2006).

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 4

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

An adequate factual basis is the foundation for any expert testimony. And in analyzing that factual foundation, an expert must utilize "reliable principles and methods," Fed. R. Evid. 702, and employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). According to Dr. Thernstrom, a social scientist using reliable principles and methods will (1) rigorously cite source material, (2) conduct thorough research before opining on a particular topic, (3) avoid inflammatory rhetoric, (4) approach an historical inquiry with an open mind, (5) note sample size and the margin of error when considering statistical information, and (6) give fair consideration to the entire historical record. Thernstrom Dep. 20:7-18, 22:9-13, 23:4-13. Dr. Thernstrom violates each of these social science principles.

Dr. Thernstrom's failure to base his opinions on facts and data is evident in his repeated failure to provide an evidentiary basis for many of his assertions. At his deposition, Dr. Thernstrom acknowledged that he failed to cite source material to support his baseless factual assertions. For example, Dr. Thernstrom admits that his contention that "Yakima County officials were not persuaded that [a certain interpretation of law was correct]" lacked any foundational support. *Id*. at 145:17-146:8. He similarly acknowledges that a quotation supporting his proposition that "politicians in the Yakima area have seen at-large elections as preferable" was taken out of context and lacked support from the historical record. *Id*. at 183:21-184:22; *see also id.* at 279:14-282:6 (postulating that survey results are "strongly affected by age" but acknowledging that no data or sources supported this opinion). Dr. Thernstrom's unfounded speculation is not proper expert testimony.

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 5

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*See, e.g.*, *Guidroz-Brault*, 254 F.3d at 829 (expert testimony does not include "unsupported speculation and subjective beliefs").

The same deficiencies plague Dr. Thernstrom's direct critiques of Plaintiffs' experts' work. Dr. Thernstrom repeatedly opines on Plaintiffs' experts' conclusions without any basis in the historical record or the actual language of their reports. Often these opinions inject bias and inflammatory stereotypes into the litigation, distracting from the serious issues that are relevant to the matters to be decided by the Court. Dr. Thernstrom argues, for example, that Dr. Fraga was "surprised and angered when he discovered ethnic inequality in Yakima," but later acknowledged that he lacked foundation for this statement. Hamilton Decl. Ex. D (hereinafter "Thernstrom Rebuttal") at 6; Thernstrom Dep. 101:12-20. Dr. Thernstrom similarly attributed opinions to Dr. Contreras that are found nowhere in her reports. *Compare* Thernstrom Report at 58 (insinuating that Dr. Contreras advocates terminating white teachers) *with* Thernstrom Dep. 114:8-117:12 (admitting that Dr. Contreras did not advocate for the termination of white teachers).

Further, many of Dr. Thernstrom's factual assertions have no basis in the historical record or *in fact*, demonstrating that he failed to conduct thorough research before opining on the topics that are the subjects of his reports. *See, e.g.*, Thernstrom Dep. at 244:16-21 (acknowledging that he posited that only nine people participated in a certain protest, when the true number of participants was at least *five times* larger); *id.* at 333:1-335:1 (arguing that there is a correlation between academic disparities and family background but acknowledging that there is no available data applicable to Yakima to make such a correlation). A court

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 6

68142-0004/LEGAL29325900.8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

need not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Dr. Thernstrom also offers speculation about various actors' motivations. *See, e.g.*, Thernstrom Report at 22-23 ("The discrimination these Caucasians had in mind was doubtless the racially preferential hiring policies promoted by many federal state and local agencies since the late 1960s"); *id.* at 28 ("[Fraga] fails to recognize that those who have doubts about the wisdom of using Spanish more widely in public school instruction may be eager to see that young Hispanics improve their lives but worry that the career prospects of Latino students will be blighted if they do not become completely fluent in English."). This, too, is not proper expert testimony.[2]

Further, given the host of flaws in Dr. Thernstrom's methodology—and the blatant errors in his reports that were brought to light during his deposition—it is evident that Dr. Thernstrom did not approach this matter with an open mind. It is also clear that Dr. Thernstrom is not "being as careful as he would be in his regular

---

[2] *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) ("[T]he whole point of *Daubert* is that experts can't 'speculate'" but rather "need analytically sound bases for their opinions" and thus expert could not testify to a company's "particular motive"); *In re Trasylol Products Liab. Litig.*, 08-MD-01928, 2010 WL 1489793, at *9 (S.D. Fla. Feb. 24, 2010) (excluding expert opinion that was not based on "knowledge" but rather expert's "subjective beliefs" where expert's testimony rested "on speculation about [defendant's] subjective motivations, which is not a proper subject for expert testimony").

PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM – 7

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

profession []." *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997). Although Dr. Thernstrom spent many months working exclusively on this case and was paid more than $150,000 for his work (a sum exceeding all other cases in which he has testified), Thernstrom Dep. 28:9-17, even he describes his work as "a little sloppy" and "hasty," and concedes instances in which the claims he made were "definitely a mistake." *Id*. at 184:16; 152:19-20; 149:19-20. Thus, it cannot be said that Dr. Thernstrom's testimony is "the product of reliable principles and methods," and it should therefore be excluded.

In sum, Dr. Thernstrom is not offering an expert opinion arrived at through appropriate methodology premised on an adequate factual basis. Instead, as Dr. Thernstrom himself testified, his role in this lawsuit is to assess whether Plaintiffs' experts have provided sufficient evidence for *him* to find a violation of Section 2 of the VRA. *See* Thernstrom Report at 2. This is not the role of an expert witness. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.") (internal citations and quotation marks omitted); *Hinkle v. LaRoche*, CV-07-155-LRS, 2008 WL 5453779, at *3 (E.D. Wash. Aug. 1, 2008) ("[W]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for jury's." (internal quotation marks and citation omitted).

Because Dr. Thernstrom fails to premise his opinions on sufficient facts and data, and because his role is simply to tell the fact finder what outcome to reach, the Court should exclude his testimony and opinions under Rule 702.

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

68142-0004/LEGAL29325900.8

### B. Dr. Thernstrom's Analysis is Unreliable Because it is Predicated on His Fundamental Disagreement With the Basic Tenets of the VRA

Dr. Thernstrom has *never* come across a case in which he has concluded that the circumstances involved a violation of the VRA. Thernstrom Dep. 30:15-19, 34:10-12. This is not surprising because Dr. Thernstrom disagrees with a fundamental premise of Section 2 of the VRA, namely that "at-large voting schemes may operate to minimize or cancel out the voting strength of racial [minorities in] the voting population." *Thornburg v. Gingles*, 478 U.S. 30, 47 (1986) (internal quotation marks and citations omitted).

Dr. Thernstrom believes—contrary to the clear mandate of the VRA—that "it's doubtful that one or even two new [minority representatives] will be able to influence policy outcomes because a large majority of their colleagues in the body will have been elected from districts in which small numbers of [minorities] live." Thernstrom Rebuttal at 31. Indeed, he penned a Wall Street Journal editorial in which he characterized the VRA as an "aggressive Federal interference in state and local districting decisions" and argued that it should be "reconsidered." Thernstrom Dep. 31:15-32:22. He contends that the VRA vests federal courts and the U.S. Justice Department with "extraordinary war powers," *id*. at 32:14-18, and believes the U.S. Supreme Court has gone "too far" in interpreting it, *id*. at 35:13-16. While Dr. Thernstrom's critiques of the VRA may belong on the opinion page of a newspaper, they do not qualify as admissible expert testimony under Federal Rule of Evidence 702.

Dr. Thernstrom did not shelter his analysis in this case from his personal disagreement with the law under which Plaintiffs' claims arise, stating flatly his belief that a VRA challenge in Yakima—or any locale—will not render

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 9

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

government more responsive to minority concerns. *Id*. at 172:20-174:8. Given that Dr. Thernstrom acknowledges these views shape his analysis of whether a Section 2 remedy is available to minority plaintiffs, and that his opinions about the facts in this matter are not even arguably based upon reliable principles, Dr. Thernstrom's opinions can only be viewed as the unsupported conjecture of a historian who has made it his mission over the last decade to dismantle the VRA. As such, Dr. Thernstrom's testimony and opinions do not overcome the bar set by Rule of Evidence 702 and should be excluded.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Exclude Expert Testimony of Dr. Thernstrom's should be granted.

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 10

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: July 1, 2014

By: s/ *Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
Abha Khanna, WSBA No. 42612
William Stafford, WSBA No. 39849
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
KHamilton@perkinscoie.com
AKhanna@perkinscoie.com
WStafford@perkinscoie.com

s/ *Sarah A. Dunne*
Sarah A. Dunne, WSBA No. 34869
La Rond Baker, WSBA No. 43610
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Dunne@aclu-wa.org
LBaker@aclu-wa.org

Attorneys for Plaintiffs

PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF STEPHAN
THERNSTROM – 11

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on July 1, 2014, I electronically filed the foregoing Motion to Exclude Expert Testimony of Stephan Thernstrom with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorney(s) of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of July, 2014.

**PERKINS COIE LLP**

By: s/ *Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
khamilton@perkinscoie.com

Attorneys for Plaintiffs

---

PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM – 12

68142-0004/LEGAL29325900.8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000