HONORABLE THOMAS O. RICE

Francis S. Floyd, WSBA No. 10642
ffloyd@floyd-ringer.com
John A. Safarli, WSBA No. 44056
jsafarli@floyd-ringer.com
FLOYD, PFLUEGER & RINGER, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119-4296
Tel (206) 441-4455
Fax (206) 441-8484
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MONTES and MATEO ARTEAGA,<br><br>           Plaintiffs,<br><br>  vs.<br><br>CITY OF YAKIMA; MICAH CAWLEY, in his official capacity as Mayor of Yakima; and MAUREEN ADKISON, SARA BRISTOL, KATHY COFFEY, RICK ENSEY, DAVE ETTL, and BILL LOVER, in their official capacity as members of the Yakima City Council,<br><br>           Defendants. | NO. 12-cv-3108-TOR<br><br>RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D.<br><br>August 20, 2014<br><br>Without Oral Argument |

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D.

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

# **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................1

II. COUNTER-STATEMENT OF FACTS ...............................................1

    A. Plaintiffs Misrepresent Dr. Thernstrom's Role in this Case ....................................................................................1

    B. Plaintiffs' Criticisms of Dr. Thernstrom's Qualifications Are Misleading ..............................................2

    C. Plaintiffs' Mention of Dr. Thernstrom's Compensation is Not Relevant to Their Motion ....................4

III. ARGUMENT .........................................................................................5

    A. Federal Rule of Evidence 702 Does Not Support the Exclusion of Dr. Thernstrom's Testimony ...................................5

        1. Seeking the Exclusion of Experts in a Bench Trial is Generally Improper ..............................................6

        2. Plaintiffs Erroneously Contend that Dr. Thernstrom is Not Qualified to Render Opinions Related to the City's Racial Dynamics ...................7

        3. Dr. Thernstrom's Opinions Have a Sufficient Factual Basis and Are the Product of Reliable Principles and Methods ............................................9

    B. Plaintiffs Distort Dr. Thernstrom's Views of the Voting Rights Act, Which Do Not Warrant His Exclusion in Any Event ..................................................10

IV. CONCLUSION ...................................................................................11

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - i

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

## I. INTRODUCTION

Plaintiffs fail to offer any factual or legal basis to exclude the testimony of Defendants' "Senate factors" expert witness, Dr. Stephan Thernstrom. Defendants submit that it is Plaintiffs' unsubstantiated motion—not Dr. Thernstrom's testimony—that this Court should reject.

## II. COUNTER-STATEMENT OF FACTS

### A. Plaintiffs Misrepresent Dr. Thernstrom's Role in this Case.

Plaintiffs erroneously assert that Dr. Thernstrom "set out to do what is solely in the province of the trier of fact," namely "assess whether Plaintiffs' experts have provided sufficient evidence for [Dr. Thernstrom] to find a violation of Section 2 of the VRA." *Pls.' Mot.* at 1, 8. To support this accusation, Plaintiffs grossly distort the meaning of a sentence from Dr. Thernstrom's initial report. *See Pls.' Mot.* at 1. Dr. Thernstrom has never claimed that his role is to usurp the fact-finder in this case. In fact, Plaintiffs' counsel (who is also one of the signatories to the motion to exclude) is aware of this, as he asked Dr. Thernstrom to confirm during his deposition whether he understood his "task . . . [to be] to critique Professor [Luis] Fraga and Professor [Frances] Contreras's reports." *Declaration of John A. Safarli* ("*Safarli Decl.*"), Exhibit A [deposition transcript of Dr. Stephan Thernstrom] at 13:17-20.

Plaintiffs' line of attack also cannot be reconciled with statements from their own expert, Dr. Fraga, who wrote, "[T]he *totality of the circumstances* in the City of Yakima . . . works to the systematic and persistent disadvantage of Latinos in a system of at-large election to the City Council." *Safarli Decl.*, Ex. B [expert report of Dr. Luis Fraga dated February 22, 2013] at 4-5 (emphasis added). He later wrote that certain evidence "support[s] the *conclusion that*

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D. - 1

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

*Senate Factors 6 and 7 have appeared* in recent elections to the Yakima City Council." *Safarli Decl.*, Ex. B at 38-39 (emphasis added). Although Dr. Fraga's own statements could be construed as "giv[ing] an opinion . . . on an ultimate issue of law," neither party can seriously accuse the opposing experts of offering legal conclusions. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

### B. Plaintiffs' Criticisms of Dr. Thernstrom's Qualifications Are Misleading.

Next, Plaintiffs allege that Dr. Thernstrom has failed to conduct "original research" and instead "simply reviewed Plaintiffs' expert witnesses' reports and the documents they obtained through their research." *Pls.' Mot.* at 1. This criticism fails for two reasons. First, it is another distortion of Dr. Thernstrom's role in this case. Second, it ignores the lack of any meaningful connection that Plaintiffs' own experts have with the City.

As noted, Plaintiffs recognize that Dr. Thernstrom's "task" was "to critique Professor Fraga and Professor Contreras's reports." *Safarli Decl.*, Ex. A at 13:17-20. Indeed, it is the role of defense experts in general to scrutinize the methodologies and conclusions of the opposing experts as part of the evaluation of whether Plaintiffs have failed to meet their burden of proof. It is unclear why Plaintiffs are disparaging Dr. Thernstrom for doing just that.

Moreover, Plaintiffs ignore the many examples of Dr. Thernstrom identifying and citing to material that Plaintiffs' experts did not reference, which demonstrates Dr. Thernstrom's independent research in this case. *See Safarli Decl.*, Ex. C [expert report of Dr. Stephan Thernstrom dated April 5, 2013] at 6 (pointing out Dr. Fraga's failure to cite pertinent academic paper); *id.* at 58

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - 2

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

(highlighting Dr. Contreras' failure to discuss another relevant chapter of the book relied on in her report). Dr. Thernstrom also downloaded and reviewed online statistical data—some of it pertaining to the City alone and some of it revealing national patterns—from the U.S. Census Bureau, the American Community Survey, the National Center for Education Statistics, and the National Assessment of Educational Progress, among other sources. *See*, *e.g.*, *Safarli Decl.*, Ex. D at 10, n.11; *id.* at 10, n.12 (referencing data specific to the City).

Additionally, Plaintiffs' argument ignores the absence of any significant connection that Dr. Fraga or Dr. Contreras have with the City. Dr. Fraga testified in his deposition that he visited Yakima for the first (and only) time in September 2012, a month after this lawsuit was filed. *Safarli Decl.*, Ex. E [redacted deposition transcript of Dr. Luis Fraga] at 46:5-11, 50:19-24.[1] Dr. Fraga spent three days in the City conducting interviews with approximately ten individuals selected by the ACLU (of concern, Dr. Fraga admitted he had no role in choosing which witnesses to interview). *Id.* at 21:17-22:2, 22:12-16. Dr. Fraga's only other local experience was driving around the City for four hours. *Id.* at 47:8-19. Dr. Contreras, meanwhile, never visited Yakima for her work on this case. *Safarli Decl.*, Ex. F [deposition transcript of Dr. Frances Contreras] at 37:16-19.

Aside from conducting interviews and touring the City in a car, Dr. Fraga based his opinions on newspaper articles that were provided to him by other people, *Safarli Decl.*, Ex. E at 13:16-15:18; *id.* at 15:16-18 ("These articles were

---

[1] Instead of filing this response under seal, the parties mutually agreed to redact certain portions of Dr. Fraga's deposition that are not relevant to this filing. Safarli Decl., ¶ 6.

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - 3

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

identified by research assistants of the ACLU. They were given to me by counsel."), as well as materials provided during discovery, publicly available legal documents, data from the U.S. Census Bureau, and academic articles. *Id.* at 14:18, 40:16-42:5, 98:21-25. Dr. Thernstrom had access to and reviewed all of these same materials, putting him in the same position as Dr. Fraga in this respect. And although Dr. Contreras has conducted research specifically in the Yakima Valley, it would be illogical to disqualify Dr. Thernstrom when he has had access to the same underlying data on which Dr. Contreras relied. *Safarli Decl.*, Ex. F at 45:9-12, 46:17-20. In sum, Plaintiffs' own experts have had little to no exposure to the City, while the data and materials cited by Dr. Fraga and Dr. Contreras were equally available to Dr. Thernstrom.

### C. Plaintiffs' Mention of Dr. Thernstrom's Compensation is Not Relevant to Their Motion.

Plaintiffs highlight the amount that Dr. Thernstrom has been paid for his work in this case. *Pls.' Mot.* at 1. Defendants submit that Plaintiffs' reference to Dr. Thernstrom's compensation is not reasonably related to the arguments in their motion. Moreover, Plaintiffs gloss over the fact that Dr. Thernstrom has had to respond to the work of *two* opposing experts, whose two initial reports together totaled 111 pages and spanned a broad range of topics including history, politics, education, economics, and sociology. Additionally, Dr. Thernstrom has had to review and to respond to three subsequent supplemental reports by Plaintiffs' experts totaling 116 pages. As Dr. Thernstrom testified, he has "never spent as much time on a case" as he has here. *Safarli Decl.*, Ex. A at 28:14-17.

Indeed, Dr. Thernstrom had to produce a report as recently as April 9, 2014. *Safarli Decl.*, Ex. G [Defendants' Senate Factors Supplemental Expert

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D. - 4

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

Report dated April 9, 2014]. Dr. Thernstrom generated this report in response to Plaintiffs' belated disclosure of notes and transcripts of interviews that Dr. Fraga conducted in September 2012. *Id.* at 1. Despite having these transcripts in their possession for nearly one-and-a-half years, Plaintiffs did not disclose them until February 5, 2014—only 5 days before Dr. Fraga's deposition. *Id.* Defendants were previously unaware that these interviews even occurred, and Dr. Thernstrom did not have access to the materials when he prepared his previous reports or prior to his deposition. *Id.* Because the interviews contained information that undercut Dr. Fraga's own opinions, Dr. Thernstrom had to generate another report. Plaintiffs' reference to Dr. Thernstrom's compensation is irrelevant and ignores the magnitude and complexity of the tasks he performed in this litigation.

### III. ARGUMENT

#### A. Federal Rule of Evidence 702 Does Not Support the Exclusion of Dr. Thernstrom's Testimony.

Expert witness testimony is governed by Federal Rule of Evidence ("FRE") 702, which provides that an expert "who is qualified . . . by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Courts should apply FRE 702 consistent with the "'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to opinion testimony.'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D. - 5

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

(1993) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)). If an expert satisfies the qualifications of FRE 702, he or she has "wide latitude to offer opinions, including those that are not based on first-hand knowledge or observation." *Daubert*, 509 U.S. at 592.

Plaintiffs argue that "Dr. Thernstrom should not be permitted to testify about the racial dynamics of a locale he has never studied and never visited or opine about whether he believes Plaintiffs have shown they are entitled to a legal remedy that he does not believe should exist." *Pls.' Mot.* at 2. As demonstrated above and elaborated on more fully below, Plaintiffs base this contention on gross distortions of the record. This position also finds no support in the law.

### 1. Seeking the Exclusion of Experts in a Bench Trial is Generally Improper.

Defendants' position is that FRE 702 does not counsel the exclusion of Dr. Thernstrom's testimony under any circumstances. However, Plaintiffs' motion is even more unfounded when "viewed in the context of a bench trial." *Mabrey v. Wizard Fisheries, Inc.*, 2008 U.S. Dist. LEXIS 9985, at *8 (W.D. Wash. Jan. 8, 2008); *see also* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, PRACTICE & PROCEDURE § 2885, at 454 (2d ed. 1995) (hereafter "WRIGHT & MILLER") ("In nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence."); EDWARD J. IMWINKELRIED, EVIDENTIARY FOUNDATIONS § 1.03[2] (6th ed. 2005) ("As the Advisory Committee Note to Rule 104(a) states, the technical evidentiary rules are generally viewed as 'the child of the jury system,' and therefore there is no need to apply those rules when the judge is the factfinder."). Defendants do not concede that Plaintiffs' motion would have any merit in the context of a jury trial.

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - 6

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

Defendants highlight these authorities only to emphasize that Plaintiffs' motion has even less justification in this bench trial.

### 2. Plaintiffs Erroneously Contend that Dr. Thernstrom is Not Qualified to Render Opinions Related to the City's Racial Dynamics.

Plaintiffs claim that this Court should exclude Dr. Thernstrom because "he has conducted no relevant research regarding Latinos in Yakima, the Yakima Valley, or the State of Washington." *Pls.' Mot.* at 4. As noted above, this allegation is unfounded: Dr. Thernstrom independently studied all of the available evidence related to the City and the Yakima Valley that Dr. Fraga and Dr. Contreras examined in their research, and a substantial body of other material located in his independent research.

Furthermore, this argument ignores the fact that Plaintiffs' own expert witness, Dr. Fraga, has not conducted any research specifically into the City other than interviewing ten people chosen by the ACLU and driving around the City for a few hours. The remainder of Dr. Fraga's understanding of the City flows from newspaper articles that the ACLU provided him, as well as other publicly-available sources—all of which Dr. Thernstrom had access to. Although Dr. Contreras has conducted some research regarding education in school districts within the City and the Yakima Valley, Plaintiffs have not explained why this Court should bar Dr. Thernstrom from criticizing the methodologies of Dr. Contreras's research and the validity of the conclusions that she draws from it, or from offering opinions based on data and information that were equally available to both Dr. Contreras and Dr. Thernstrom.

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - 7

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

Plaintiffs' cursory reference to *Large v. Fremont County*, 709 F. Supp. 1176 (D. Wyo. 2010) is misplaced. In the *Fremont County* litigation, there was little historical evidence of the kind available in this case, *e.g.*, newspaper stories, statistical data, or any other material commonly relied on in voting rights litigation. *Declaration of Stephan A. Thernstrom* ("*Thernstrom Decl.*"), ¶3. The key evidence for the *Fremont County* plaintiff was the opinions of a social psychologist who lived in the area and had interviewed tribal members. *Id.* at ¶4. Dr. Thernstrom's report was necessarily very brief because of the absence of written records to analyze, and his opinions were limited to a methodological critique that the report of Plaintiffs' expert was subjective and did not meet the standards of professional history. *Id.* at ¶5. The judge in *Fremont County* rejected Dr. Thernstrom's critique, but did not rule that he was unqualified to serve as an expert witness. *Fremont County*, 709 F. Supp. at 1231. The contrast between *Fremont County* and this case could not be more different. Dr. Thernstrom had access to all of the documents and data that formed the bases of Dr. Fraga and Dr. Contreras' opinions. *Thernstrom Decl.*, ¶6. He also assembled a substantial body of other relevant materials by doing extensive independent research. *Id.* at ¶6. The circumstances of the two cases are entirely different. Accordingly, *Fremont County* does not warrant the exclusion of Dr. Thernstrom's testimony.[2]

---

[2] Plaintiffs also ignore cases where Dr. Thernstrom's opinions have been cited favorably. *See*, *e.g.*, *Rodriguez v. Pataki*, 308 F. Supp. 2d. 346 (S.D.N.Y. 2004).

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

### 3. Dr. Thernstrom's Opinions Have a Sufficient Factual Basis and Are the Product of Reliable Principles and Methods.

Plaintiffs claim that this Court should also exclude Dr. Thernstrom because his methodology is "profoundly flawed" and his reports contain "blatant errors." *Pls.' Mot.* at 4, 7. Plaintiffs list examples of small oversights or inaccuracies, some of which Dr. Thernstrom acknowledged during his deposition. *Pls.' Mot.* at 5-8. Plaintiffs neglect to mention that, by the time of Dr. Thernstrom's deposition, he had produced more than 115 pages' worth of opinions on a range of historical, social, economic, and political topics. Moreover, the page limit allotted for this response does not allow for a point-by-point rebuttal of Plaintiffs' criticisms. This Court, of course, can fully assess the merits of these criticisms by relying on trial testimony instead of sifting through allegations set forth in a dubious motion to exclude. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir. 1998).

Moreover, Plaintiffs' experts have not escaped this litigation unscathed. For example, Dr. Fraga claimed in his initial report that "it is possible, if not likely, that all city council elections held in the City of Yakima over a 28-year period were not in compliance with [Section 203] the Voting Rights Act." *Safarli Decl.*, Ex. B at 42. Dr. Thernstrom responded that the City was not covered by Section 203 for 18 of these 28 years. *Safarli Decl.*, Ex. D at 25. Dr. Fraga admitted this error during his deposition. *Safarli Decl.*, Ex. E at 120:20-121:10.

Additionally, Dr. Fraga conceded during his deposition that his "understanding of the specific needs and concerns of the Latino community . . . in the City of Yakima" was based in part on the interviews that he conducted in September 2012. *Safarli Decl.*, Ex. E 82:18-83:13. Yet these interviewees were chosen by the ACLU before Dr. Fraga interviewed them, which raises questions

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D. - 9

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

about the objectivity of his sources. *Id.* at 21:17-22:2, 22:12-16. But rather than consume this Court's resources by filing a problematic motion to exclude an expert in a bench trial, *see* WRIGHT & MILLER § 2885 at 454, Defendants will pursue these issues at trial.

### B. Plaintiffs Distort Dr. Thernstrom's Views of the Voting Rights Act, Which Do Not Warrant His Exclusion in Any Event.

Lastly, Plaintiffs attempt to exclude Dr. Thernstrom because of his alleged personal views of the Voting Rights Act. This argument has been roundly rejected as a basis to exclude expert witnesses. *Lang v. Cullen*, 725 F. Supp. 2d 925, 954 (C.D. Cal. 2010); 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE, § 702.06[8] (2d ed. 2000) ("There is no requirement under Rule 702 than an expert witness be unbiased. Few people are.") Furthermore, Plaintiffs' slanted characterization of Dr. Thernstrom's views do not even comport with his own testimony. *See*, *e.g.*, *Safarli Decl.*, Ex. A at 33:7-9, 33:20-34:1 (denying that the Voting Rights Act was unnecessary and testifying that Section 2 "continues to . . . serve an important function now.")

Plaintiffs also note Dr. Thernstrom's acknowledgement that, in the cases in which he has served as an expert witness, he has never concluded that "the circumstances involved a violation of the Voting Rights Act." *Safarli Decl.*, Ex. A at 30:15-19. However, Plaintiffs overlook Dr. Thernstrom's explanation that, if his preliminary review of the case indicated that the Plaintiff's claim had merit, then he "probably would not have been retained as a witness." *Id.* at 34:12-17. In summary, there is no factual or legal reason to exclude Dr. Thernstrom because of his personal views, which Plaintiffs do not even accurately represent.

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D. - 10

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

## IV. **CONCLUSION**

For the reasons given above, this Court should deny Plaintiffs' motion to exclude the expert testimony of Dr. Thernstrom.

RESPECTFULLY SUBMITTED this 15th day of July, 2014.

    s/ John A. Safarli
    Francis S. Floyd, WSBA No. 10642
    ffloyd@floyd-ringer.com
    John A. Safarli, WSBA No. 44056
    jsafarli@floyd-ringer.com
    FLOYD, PFLUEGER & RINGER, P.S.
    200 W. Thomas Street, Suite 500
    Seattle, WA 98119-4296
    Tel (206) 441-4455
    Fax (206) 441-8484
    *Attorneys for Defendants*

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY
OF STEPHAN THERNSTROM, Ph.D. - 11

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | | |
|---|---|---|
| Sarah Dunne<br>La Rond Baker<br>ACLU OF WASHINGTON FOUNDATION<br>901 Fifth Avenue, Suite 630<br>Seattle, WA 98164<br>(206) 624-2184<br>dunne@aclu-wa.org<br>lbaker@aclu-wa.org | *Counsel for Plaintiffs* | ☐ VIA EMAIL<br>☐ VIA FACSIMILE<br>☐ VIA MESSENGER<br>☐ VIA U.S. MAIL<br>☒ VIA CM/ECF SYSTEM |
| Joaquin Avila<br>THE LAW FIRM OF JOAQUIN AVILA<br>P.O. Box 33687<br>Seattle, WA 98133<br>(206) 724-3731<br>jgavotingrights@gmail.com | *Counsel for Plaintiff Rogelio Montes*<br><br>*Pro Hac Vice* | ☐ VIA EMAIL<br>☐ VIA FACSIMILE<br>☐ VIA MESSENGER<br>☐ VIA U.S. MAIL<br>☒ VIA CM/ECF SYSTEM |
| Laughlin McDonald<br>ACLU FOUNDATION, INC. VOTING RIGHTS PROJECT<br>230 Peachtree Street, Suite 1440<br>Atlanta, GA 30303-1227<br>(404) 523-2721<br>lmcdonald@aclu.org | *Counsel for Plaintiff Mateo Arteaga*<br><br>*Pro Hac Vice* | ☐ VIA EMAIL<br>☐ VIA FACSIMILE<br>☐ VIA MESSENGER<br>☐ VIA U.S. MAIL<br>☒ VIA CM/ECF SYSTEM |

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484

Kevin J. Hamilton  
William B. (Ben) Stafford  
Abha Khanna  
PERKINS COIE LLP  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
(206) 359-8000  
khamilton@perkinscoie.com  
wstafford@perkinscoie.com  
akhanna@perkinscoie.com  

*Counsel for Plaintiffs*

☐ VIA EMAIL
☐ VIA FACSIMILE
☐ VIA MESSENGER
☐ VIA U.S. MAIL
☒ VIA CM/ECF SYSTEM

DATED this 15th day of July, 2014

s/ Yalda Biniazan
Yalda Biniazan, Legal Assistant

RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHAN THERNSTROM, Ph.D

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119-4296
TEL 206 441-4455
FAX 206 441-8484