HONORABLE THOMAS O. RICE

Sarah A. Dunne, WSBA No. 34869
La Rond Baker, WSBA No. 43610
AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON FOUNDATION
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Email: Dunne@aclu-wa.org
        LBaker@aclu-wa.org

Kevin J. Hamilton, WSBA No. 15648
Abha Khanna, WSBA No. 42612
William B. Stafford, WSBA No. 39849
WStafford@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: KHamilton@perkinscoie.com
        AKhanna@perkinscoie.com
        WStafford@perkinscoie.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGELIO MONTES and MATEO ARTEAGA, | NO. 12-CV-3108 TOR |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| CITY OF YAKIMA, MICAH CAWLEY, in his official capacity as Mayor of Yakima, and MAUREEN ADKISON, SARA BRISTOL, KATHY COFFEY, RICK ENSEY, DAVE ETTL, and BILL LOVER, in their official capacity as members of the Yakima City Council, | NOTED FOR HEARING: April 2, 2015 |
| Defendants. | |

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

68142-0004/LEGAL123740734.1

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................... 1

II.   PROCEDURAL BACKGROUND ............................................................ 2

III.  ARGUMENT ............................................................................................ 4

      A.   Plaintiffs Are Prevailing Parties ..................................................... 4

      B.   Plaintiffs Are Entitled to a Fee Award ........................................... 5

           1.   The Lodestar Establishes a Presumptively
                Reasonable Fee ...................................................................... 6

           2.   Counsels' Hourly Rates Are Reasonable ............................... 7

           3.   The Time Counsel Spent Obtaining a Successful
                Outcome Was Reasonable ..................................................... 9

                a.   Fees of Document Review Attorneys ..................... 13

                b.   The Reasonableness of the Requested Fees Is
                     Shown By the Fact That Plaintiffs Could—But
                     Choose Not To—Seek an Upward Adjustment
                     From the Lodestar ................................................... 14

           4.   Paralegal Hours ................................................................... 15

      C.   Plaintiffs Are Entitled to Recover Expert Fees and Other
           Expenses ........................................................................................ 17

IV.   CONCLUSION ....................................................................................... 19

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– i

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.    INTRODUCTION

Plaintiffs file this motion seeking an award of attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973l(e), as prevailing parties.  Plaintiffs respectfully submit that such an award is amply warranted by the record before the Court.

This was no ordinary case.  It was the first lawsuit ever brought in Washington State under Section 2 of the Voting Rights Act ("Section 2" or "Voting Rights Act"), which safeguards the fundamental right to vote.  This lawsuit has been, and will long continue to be, a case of great importance.  That is certainly true for the thousands of Latino voters in the City of Yakima who will now have a fair chance to have their voices heard.  The Court's decision will not only echo throughout the City of Yakima; it is already reverberating beyond Yakima's borders, as other cities in Central and Eastern Washington with similar demographics (and similar histories of Latino underrepresentation) are already exploring whether to alter their at-large election systems.[1]

Plaintiffs proved, on summary judgment, that the City of Yakima's existing at-large election system for the City Council "routinely suffocates the voting preferences of the Latino minority."  ECF No. 108 at 48.  Plaintiffs then prevailed in the remedy phase of this lawsuit, demonstrating that the appropriate remedy for the Section 2 violation is adoption of seven single-member districts, with all seats up for election in 2015.  Plaintiffs and their attorneys achieved their goals, but the journey was long and complex.

---

[1] *See, e.g.*, http://www.yakimaherald.com/news/yhr/wednesday/2942740-8/pasco-residents-voice-concern-about-diluting-hispanic-vote.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 1

68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants mounted a vigorous defense. The stakes, and the legal framework governing Section 2 claims, demanded an in-depth investigation of the facts, costly discovery, an extensive review of the law, and the marshaling of substantial evidence.

Plaintiffs are prevailing parties for purposes of the fee statutes that implement the Voting Rights Act and are entitled to reasonable attorneys' fees and expenses of litigation. Plaintiffs file this motion seeking $2,443,601 in attorneys' fees, and $399,004.24 in litigation expenses.

## II.    PROCEDURAL BACKGROUND

As the Court is aware, Plaintiffs prevailed in this Section 2 lawsuit. The Court's August 22, 2014, summary judgment order striking down Yakima's existing system of electing its City Council and its February 17, 2015, order imposing a final remedial plan were the culmination of a years-long effort to secure a more equitable electoral system that provides Latinos in Yakima with an equal opportunity to engage in the political process.

Voting Rights Act cases are neither easy nor cheap to litigate. This case has a long history. In December 2010, the American Civil Liberties Union of Washington ("ACLU") sent a demand letter to the Yakima City Council, noting that the City's election system violated the Voting Rights Act and urging it to adopt a district-based election system. *See* Declaration of Sarah Dunne ("Dunne Decl."), ¶ 10. At that time, the City Council rejected the ACLU's request that the City alter its election system voluntarily. *Id.* Accordingly, over the next year-and-a-half, in conjunction with noted voting rights expert Joaquin Avila of Avila Law Offices, the ACLU conducted a

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 2
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

factual and legal investigation to prepare for litigation in the event the City failed to alter its election system voluntarily. *Id.* ¶ 11. Thus, before the lawsuit was ever filed, Plaintiffs retained multiple experts to conduct the comprehensive demographic, statistical, and sociological analysis required by the "*Gingles*" test and Senate Factors, interviewed numerous potential witnesses, and gathered and surveyed the historical record. *Id.*

After August 2011, when Yakima failed to adopt Proposition 1, which would have required district-based elections for the City Council, it became apparent that litigation would be necessary to force the City to alter its unlawful election system. *Id.* ¶ 12. The ACLU retained Perkins Coie as cooperating attorneys to join in representing Plaintiffs Mateo Arteaga and Rogelio Montes. On August 22, 2012, Plaintiffs filed their Complaint. *See* ECF No. 1. Over the course of the next two years, the parties engaged in substantial discovery. After the close of discovery, in early July 2014, the parties filed cross-motions for summary judgment. While the motions were pending, the parties prepared for trial, which was set for September 2014.

On August 22, 2014, the Court granted summary judgment in Plaintiffs' favor, denied Defendants' cross-motion, and ordered the parties to submit a proposed remedial plan. ECF No. 108. The parties were unable to agree on a proposed remedy, and on October 3, 2014, submitted competing proposals to the Court.[2] On February 17, 2015, the Court adopted Plaintiffs' proposal in all

---

[2] Defendants further provided an amended proposal on October 6, 2014, and an additional proposed remedy on October 30, 2014.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 3
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

respects, ordering the City to adopt Plaintiffs' proposed district-based election system with all seats up for election in 2015. ECF No. 143. The Court entered a final judgment in Plaintiffs' favor that same day. ECF No. 144.

## III.   ARGUMENT

### A.   Plaintiffs Are Prevailing Parties

Plaintiffs are prevailing parties within the meaning of the fee statutes, 42 U.S.C. §§ 1988 and 1973l(e), "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotation marks and citation omitted).[3] The *Hensley* formulation is "generous," *id.* at 433, and designed to effectuate Congress' purpose in enacting the fee statutes "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Id.* at 429 (quoting H.R. Rep. No. 94-1558, p. 1 (1976)); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

Here, there is obviously no question that Plaintiffs are the prevailing parties. Plaintiffs filed suit to change Yakima's City Council election system under Section 2. The Court found a Section 2 violation and ordered the implementation of Plaintiffs' proposed remedial plan. The Court roundly rejected, in its entirety, Defendants' competing remedial plan. Plaintiffs did not just have success on some aspects of the merits, they prevailed entirely.

---

[3] Because §§ 1973l(3) and 1988 contain nearly identical language and serve the same congressional purposes, courts construe the sections similarly. *Id.* at 433 n.7. Fees are appropriate here under both sections.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES – 4
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B.    Plaintiffs Are Entitled to a Fee Award**

In a Voting Rights Act action, "the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1973l (e). Courts award fees to prevailing plaintiffs in civil rights litigation as a matter of course. As the Ninth Circuit has admonished, a court "cannot deny a motion for fees solely because the statute grants [it] discretion to do so." *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 744 (9th Cir. 1989). Rather, "a court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception." *Id.* at 743. This is because the civil rights fee statutes authorize recovery of attorneys' fees "in order to encourage individuals and attorneys to take on the burden of vindicating 'important civil and constitutional rights that cannot be valued solely in monetary terms.'" *Wilbur v. City of Mount Vernon*, No. C11-1100RSL, Order Awarding Fees and Costs, at 2-3 (W.D. Wash. Apr. 15, 2014) (quoting *City of Riverside v. Rivera*, 883 F.2d 739, 574 (1986)) (attached as Decl. of William B. Stafford in Support of Pls.' Mot. for Attorneys' Fees and Expenses (Mar. 3, 2015) ("Stafford Decl."), Ex. A).

Thus, a prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1986). This exception is "very narrow" because "Congress' intent in enacting § 1988 was to attract competent counsel to prosecute civil rights cases, where victims ordinarily cannot afford to purchase legal services at the rates set by the private market." *Mendez v.*

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 5
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008), overruled in part on other grounds by *Ariz. v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014).

The burden is thus on those opposing fees to make a "strong" showing that special circumstances render an award unjust. *Herrington*, 883 F.2d at 744. No such circumstances exist here. Indeed, courts have rejected the defenses that Defendants could be expected to offer here, including the fact that an award would "fall on the taxpayers," *Johnson v. State of Miss.*, 606 F.2d 635, 637 (5th Cir. 1979), that defendants "were merely performing their duty by enforcing the statute controlling," *id.*, that a defendant acted in "good faith," *Hutto v. Finney*, 437 U.S. 678, 693 (1978), or that the plaintiffs' attorneys took on the case on a pro bono basis, *Bill v. Hodges*, 628 F.2d 844, 847 (4th Cir. 1980).

### 1.    The Lodestar Establishes a Presumptively Reasonable Fee

To determine an appropriate fee award, the starting point is calculating the "lodestar" amount by multiplying the number of hours reasonably expended on a case by the reasonable or customary hourly rate. *Hensley*, 461 U.S. at 433. There is a strong presumption this amount is a reasonable fee. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). That said, the lodestar can be adjusted either upwards or downwards in light of the "results obtained," and other relevant factors. *Hensley*, 416 U.S. at 434 n.9.[4]

---

[4] The factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 6
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## 2.    Counsels' Hourly Rates Are Reasonable

The rates requested for the ACLU attorneys representing Plaintiffs are: $450 an hour for Laughlin McDonald, $420 for Sarah Dunne, and $350 for La Rond Baker. *See* Dunne Decl. ¶ 2; Declaration of Moffat Laughlin McDonald ("McDonald Decl."), ¶ 6. The rates requested for the Perkins Coie attorneys representing Plaintiffs are $650 for Kevin Hamilton; $485 for Abha Khanna; $485 for Ben Stafford; $400 for Noah Purcell; $410 for Ulrike Connelly; $335 for Mica Simpson; and $125 for a team of document review attorneys. *See* Stafford Decl. ¶ 20.[5] Mr. Avila's hourly rate is $725. *See* Declaration of Joaquin Avila ("Avila Decl.") ¶ 22.

The setting of a reasonable hourly rate should be calculated according to "prevailing market rates." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). It is irrelevant whether Plaintiffs' lawyers are private practitioners or work for

---

acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868-69 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988)).

[5] As further discussed below, given the scope and complexity of this case, Plaintiffs used the services of other counsel. Plaintiffs have chosen, however, to limit this fee request to the work performed by their core litigation team.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

public interest organizations and do not charge a fee. *Id.* at 895 & n.11; *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980).  Where counsel in the local forum is unavailable due to a lack of interest, experience, or expertise, the Court may award reasonable rates of counsel's jurisdiction rather than the local forum. *Gates*, 987 F.2d at 1405; *Brooks v. Ga. State Bd. of Elections*, 997 F.2d 857, 869 (11th Cir. 1993) (awarding out-of-town rates where there were no local "attorneys familiar with voting rights actions," noting "civil rights litigants need not select the nearest and cheapest attorneys").

Here, Plaintiffs' counsel is primarily based in Seattle.[6]  Plaintiffs' counsel have a specialized expertise in political law litigation, including Voting Rights Act litigation. *See* Stafford Decl. ¶¶ 2-7, McDonald Decl. ¶ 10(e); Avila Decl. ¶¶ 2-20; Dunne Decl. ¶¶ 5-8; *see also* Declaration of Jessica Ring Amunson ("Amunson Decl."), ¶¶ 4-5.  Plaintiffs' counsel have litigated voting rights and political law cases in Washington State and around the country, including in Arizona, Colorado, Florida, Georgia, Minnesota, Montana, Nevada, New York, North Carolina, Ohio, South Carolina, South Dakota, Tennessee, Texas, Virginia, and Wyoming.  Stafford Decl. ¶¶ 2-7, Avila Decl. ¶ 10, McDonald Decl. ¶ 10(e); Dunne Decl. ¶¶ 6, 8.

---

[6] Mr. McDonald is an ACLU attorney based in Atlanta, Georgia, who played an advisory role because of his decades of experience litigating Section 2 cases around the country.  McDonald Decl. ¶ 6.  Mr. McDonald's rate is significantly below the Seattle market rate for an attorney of his tenure and experience.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 8
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

There can be no dispute that it was reasonable for Plaintiffs to secure representation by experienced counsel from Seattle—Defendants themselves made the same choice, retaining Seattle counsel as well. Both parties secured counsel from Seattle because it was necessary to do so. This was not a run-of-the-mill case. It was the first Section 2 vote dilution lawsuit in Washington State, which required a special expertise not found in the local market. *See* Dunne Decl. ¶ 12. Plaintiffs are not aware of any attorneys practicing in Yakima with prior Section 2 experience; indeed, there are few lawyers even in Seattle with significant Voting Rights Act or Section 2 experience. *Id.* Section 2 cases are, moreover, specialized and complex. According to a district court time study conducted by the Federal Judicial Center, voting rights cases are among the most complex and time-consuming cases handled by the federal judiciary. *See* Stafford Decl., Ex. B (Federal Judicial Center, 2003-2004 District Court Case-Weighting Study, tbl. 1, p. 5 (2005)).

Moreover, this case presented an issue unpopular in Yakima that likely would have deterred local counsel. The City Council, the governing body of the City, robustly contested this lawsuit, and City voters rejected a proposition calling for single-member districts in 2011. Dunne Decl. ¶ 12.

Plaintiffs' counsel billed at or under their usual rates. Stafford Decl. ¶ 20, Dunne Decl. ¶ 13; McDonald Decl. ¶ 6; Avila Decl. ¶ 22. Those rates are reasonable in the relevant market. *See* Declaration of Salvador A. Mungia, ¶¶ 2-9; Amunson Decl. ¶¶ 3-12; Declaration of Joe Shaeffer ¶¶ 7-11.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES – 9
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 3. The Time Counsel Spent Obtaining a Successful Outcome Was Reasonable

Provided as Appendix A to this motion is a consolidated spreadsheet that describes the specific tasks performed by every timekeeper on a daily basis and the number of hours spent on those tasks. Plaintiffs compiled this spreadsheet from contemporaneously created time records. *See* Stafford Decl. ¶ 10; Dunne Decl. ¶ 14; McDonald Decl. ¶ 2; Avila Decl. ¶ 21. Mr. Avila seeks compensation for 18.2 hours, Mr. McDonald for 73.4 hours, Ms. Dunne for 256.3 hours, Ms. Baker for 1,666.9 hours, Mr. Hamilton for 345.3 hours, Ms. Khanna for 1,283.1 hours, Mr. Stafford for 602.8 hours, Mr. Purcell for 185.5 hours, Ms. Connelly for 302.9 hours, Ms. Simpson for 122 hours, and the document review attorneys for 554.9 hours. *See* Avila Decl. ¶ 21; Stafford Decl. ¶ 25. Plaintiffs respectfully seek fees in the total amount of $2,443,601.[7]

Voting rights litigation is specialized, complex, and expensive. That is only to be expected where the governing legal standard requires the parties to present statistical and other evidence on, among other things, a jurisdiction's historical voting patterns and its history vis a vis the minority community in question. *Thornburg v. Gingles*, 478 U.S. 30, 45 (1986). By way of example, as part of their burden of proof under Section 2, Plaintiffs were required to hire four testifying expert witnesses: a demographer (Mr. William Cooper) to draw redistricting maps and analyze census data; a statistician (Dr. Richard Engstrom) to analyze election data for patterns of polarized voting and the

---

[7] In conjunction with their reply brief, Plaintiffs will request additional fees incurred in conjunction with the preparation of this fee petition.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 10
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

election of minority preferred candidates; and two social scientists (Drs. Luis Fraga and Frances Contreras) who analyzed social science data relevant to various Senate Factors. *See* Stafford Decl. ¶ 27. For their part, Defendants submitted multiple reports from three experts. *Id.* ¶ 28.

The scope of other discovery was necessarily broad. Defendants produced nearly 350,000 pages of documents, and Plaintiffs produced roughly 70,000 pages of documents and reviewed tens of thousands pages more in response to Defendants' discovery requests. *Id.* ¶ 13. The parties took and defended more than 50 depositions. *Id.* ¶ 14.

Despite its broad scope, Plaintiffs made a good faith effort to litigate the case efficiently. Nearly all discovery—including depositions—was handled by more junior attorneys with lower billing rates. *Id.* ¶¶ 15-17. Plaintiffs' summary judgment motion was prepared (and argued) in a similar fashion. *Id.* ¶ 17. Plaintiffs' counsel worked together closely to coordinate the prosecution of this complex case while avoiding duplicative work.

Moreover, Plaintiffs are not seeking to recover all the fees incurred. Rather, Plaintiffs are limiting their fee petition to the members of Plaintiffs' core litigation team and the document review attorneys whose involvement was necessary given the vast volume of Defendants' document productions near the close of discovery. *See infra* Section III.B.3.a. Plaintiffs are thus excluding, among other things, the scores of hours spent by other attorneys, paralegals, and other timekeepers who assisted in deposition preparation, conducted supporting legal research, or otherwise assisted in litigating this matter. *Id.* ¶ 22. Specifically, Plaintiffs are not seeking *any* fees for time spent by 24

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES – 11

68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

timekeepers over the life of this case. *Id.* ¶ 24. Moreover, although Plaintiffs strove at all times to (and did) efficiently try this complex lawsuit, in computing their lodestar amount, Plaintiffs also carefully exercised billing judgment and made reductions where time arguably could have been more efficiently spent. *Id.* ¶¶ 23-24.

Plaintiffs' counsel have written off, in total, $334,334.40 in fees. *Id.* ¶ 24. In other words, Plaintiffs' fee request is a conservative lodestar (with actual recorded time reduced by roughly 12%) based on work that was reasonably and necessarily expended. *Id.*

All the time claimed was legally and factually related and should be compensable. Of course, the standard for determining attorney time is "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *see also Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 700 (9th Cir. 1996) (affirming fee award and noting that "although it may be easy, in hindsight, to tout this as an easy case, plaintiffs cannot be faulted for their thoroughness under the circumstances"). Here, Plaintiffs cannot be faulted for their thoroughness. Plaintiffs did not bring this case just to protect their own interests, but to address a matter of public importance and effect a desperately needed change in the City of Yakima as a whole. And it is noteworthy that Plaintiffs' approach to this case resulted in summary judgment in their favor—thereby avoiding the tremendous fees and costs that would have resulted from the multi-week trial that would have been necessary.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 12
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Finally, in addition to the hours spent establishing a violation and a remedy, Plaintiffs may recover fees for time spent pursuing a fee claim. *Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir. 1986).

### a.    Fees of Document Review Attorneys

In addition to the core litigation team whose requested fees are set out above, Plaintiffs utilized the services of a team of "document review" attorneys employed by Perkins Coie over all or a portion of a two-week period in May 2014 (shortly before discovery closed on June 10, 2010).  Stafford Decl. ¶ 16. Plaintiffs generally preferred to use junior members of their core litigation team to conduct document review (a) to reduce the number of timekeepers and (b) because only attorneys highly familiar with the facts of this complex case could fully understand the significance of the documentary evidence. *Id.*

During the two-week period in May 2014, however, Plaintiffs needed to use document review attorneys. *Id.* (Perkins Coie maintains a department of staff attorneys dedicated solely to document review projects.)  Between late March and early May 2014, Defendants produced (or re-produced, because of formatting or other errors) more than 320,000 pages of documents. *Id.* Without relying on other attorneys to review these documents, Plaintiffs' counsel could not prepare adequately for depositions that were ongoing during this period or determine whether any issues in Defendants' productions needed to be addressed in advance of the June 10 discovery deadline.  Moreover, because of their substantially lower billing rate, use of such attorneys was highly cost effective. *Id.* ¶ 20.  Plaintiffs seek compensation for 60 hours for Dominic Carucci, 51 hours for Rebecca Davidson, 54.2 hours for Shaun

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 13
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Franklin, 52.5 hours for Daryl Huntsinger, 66 hours for Jeannette Ramirez, 52.5 hours for Nandini Rao, 66 hours for Jay Smith, 68.2 hours for Aaron Valla, and 84.5 hours for Jeffrey Williams. *Id.* ¶ 25. These attorneys all bill at the rate of $125 per hour. The total amount of this category of fees is $69,362.50. *Id.*

> **b.    The Reasonableness of the Requested Fees Is Shown By the Fact That Plaintiffs Could—But Choose Not To—Seek an Upward Adjustment From the Lodestar**

After determining the lodestar amount, the Court may adjust this amount if necessary to achieve a just and fair result. *See, e.g., Fadhl v. City and Cnty. of San Francisco*, 859 F.2d 649, 650 (9th Cir. 1986) (affirming award of a 2X multiplier for successful Title VII claim). Plaintiffs do not seek an upward adjustment from the lodestar amount set out above, although one would be warranted. In the event that Defendants elect to oppose Plaintiffs' fee petition, Plaintiffs briefly address the factors that *would* warrant an upward adjustment, as evidence for why the requested amount is entirely reasonable.

First, an upward adjustment would be warranted because of the time, expense, and expertise needed to litigate the case. *Carter*, 757 F.3d at 869 (Factors 1-3, 9). Plaintiffs' counsel devoted substantial time and labor to this case, and it required a high degree of skill. As noted above, voting rights cases are among the most difficult cases to come before the federal courts. *See also Williams v. Bd. of Comm'rs of McIntosh Cnty.*, 938 F. Supp. 852, 858 (S.D. Ga. 1996) ("Voting Rights litigation is, in and of itself, an extremely complex and intimidating area of the law."). Plaintiffs' counsel should thus "be

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 14
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

compensated commensurate with the difficult nature of the case." *Id.* These factors would weigh heavily in favor of an upward adjustment.

Second, because of the great time investment this matter required, Plaintiffs' counsel was precluded from accepting other work. *Carter*, 757 F.3d at 869 (Factor 4). In the case of Perkins Coie counsel, who took on the case pro bono and collectively devoted thousands of hours to it, counsel were thus precluded from accepting a substantial amount of work from paying clients.

Third, consideration of the results obtained by the litigation, *id.* (Factor 8), also would weigh heavily in favor of an upward adjustment to the lodestar amount. Undeniably, Plaintiffs were successful on their claim that at-large elections for the City Council diluted Latino voting strength in violation of the Voting Rights Act. Plaintiffs also succeeded in the remedial phase of this lawsuit, with the Court adopting Plaintiffs' proposed remedial map and ordering that all City Councilmembers stand for election in 2015 while rejecting Defendants' proposed remedial plan.

Fourth, consideration of the undesirability of the case, *id.* (Factor 10), would support an upward adjustment. To be clear, there was nothing undesirable about representing Plaintiffs. However, the case raised complex issues, was time consuming, and was expensive to litigate. The resources available to the Defendants, the purely contingent nature of a fee award, and the unpopularity of seeking to change Yakima's City Council election system—as manifested by the defeat of Proposition 1 in 2011 (which would have mandated a single-member district election system)—made this an undesirable case. This factor would also weigh in favor of an enhanced award.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 15
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### 4.   Paralegal Hours

Prevailing parties in civil rights cases can also recover fees for the work of paralegals, including "factual investigation, . . . assistance with depositions, interrogatories and document production, compilation of statistical and financial data, checking legal citations, and drafting correspondence." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[T]ime reasonably spent by . . . paralegals is compensable under section 1988.").[8]

As appears from their statements of hours attached as Exhibit A to the Stafford Declaration, paralegals Elva Gonzalez and Kimball Mullins spent 100.9 and 874.9 hours on this case, respectively, overseeing document review and production and related issues, creating privilege logs, assisting in preparation of exhibits, conducting research, and other similar tasks.[9]  That

---

[8] *See also Roberson v. Brassell*, 29 F. Supp. 2d 346, 353 (S.D. Tex. 1998) (allowing recovery for paralegal's time preparing exhibits, compiling witness notebooks, and conducting research); *Webster Greenthumb Co. v. Fulton Cnty.*, 112 F. Supp. 2d 1339, 1367 (N.D. Ga. 2000) (same, as to document production tasks); *Coalition to Preserve Houston v. Interim Bd. Of Trustees*, 494 F. Supp. 738 (S.D. Tex. 1980) (awarding fees for the work of a paralegal under the Voting Rights Act); *Williams*, 938 F. Supp. 852 (same).

[9] Plaintiffs have exercised billing judgment with respect to the time spent by Ms. Gonzalez and Ms. Mullins.  Plaintiffs have also written off the fees of other paralegals and paralegal assistants who billed time to this matter.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 16
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

time had a legitimate purpose, involved tasks that would otherwise have been done by the attorneys, and is compensable under the attorneys' fee statutes. The hourly rates of $265 sought for Ms. Gonzalez and Ms. Mullins is their usual rate and is reasonable in the Seattle area. *Id.* ¶ 21.

## C.   Plaintiffs Are Entitled to Recover Expert Fees and Other Expenses

In this voting rights matter, Plaintiffs are not limited to recovery of the usual kinds of costs permissible under 28 U.S.C. § 1920.[10]  Rather, 42 U.S.C. § 1973l(e) expressly provides for the recovery of "reasonable expert fees, and other reasonable litigation expenses as part of the costs." *Id.*

Experts are essential to the successful prosecution of any Section 2 litigation, providing the Court will invaluable assistance in evaluating racially polarized voting, the possibility of drawing compact majority-minority districts, and providing the social science foundation for the required findings. Indeed, virtually every published Section 2 case involves a technical discussion

---

[10] Plaintiffs submit a separate cost bill.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 17
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

of expert testimony.[11] This Court's own decision amply demonstrates the necessity of such expert testimony. *See, e.g.*, ECF No. 108, at 17-24, 34-47.[12]

It is thus well-established that a prevailing civil rights plaintiff "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client,'" including but not limited to expert fees. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)), *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir. 1987)); *see also Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) (with the exception of "routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation [or] during the course of litigation . . . may be taxed as costs under section 1988"); *Brooks*,

---

[11] *See, e.g.*, *Old Pers. v. Cooney*, 230 F.3d 1113, 1122-27 (9th Cir. 2000); *Gomez v. City of Watsonville*, 863 F.2d 1407, 1410 (9th Cir. 1988); *Houston v. Lafayette Cnty.*, 56 F.3d 606, 611-12 (5th Cir. 1995); *Fabela v. City of Farmers Branch*, 2012 WL 3135545, at *4-12 (N.D. Tex. Aug. 2, 2012); *Large v. Fremont Cnty.*, 709 F. Supp. 2d 1176, 1192-95 (D. Wyo. 2010).

[12] Defendants, of course, can hardly complain either about the use of experts, nor their expense, given their own heavy reliance on experts, including Dr. Stephen Thernstrom, who testified in his deposition that he had been paid over $150,000, more than he had ever been paid in any prior litigation anywhere in the country. Stafford Decl., Ex. C (Thernstrom Dep. 28:9-17).

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 18
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

997 F.2d at 861 n.3 ("The fee statutes provide for the reimbursement of reasonable costs incurred as well as the award of attorney's fees.").

Such expenses may include such things as photocopying charges, fees of process servers, travel and related meal expenses, telephone, postage, computer research, and data hosting and processing fees. *Jenkins*, 491 U.S. at 289; *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) (collecting cases); *Doe ex rel. Doe v. Keala*, 361 F. Supp. 2d 1171, 1189 (D. Haw. 2005) ("Out-of-pocket expenses for long distance telephone calls, messenger service, postage, facsimile, computerized legal research, and travel are ordinarily allowed under Section 1988."); *D.G. ex rel. Strickland v. Yarbrough*, 2013 WL 1343151, at *8-9 (N.D. Okla. Mar. 31, 2013) (allowing recovery of reasonable expenses incurred in using vendors for electronic document hosting and management to the extent expenses were adequately documented); *see also Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989) (allowing for recovery of expenses of computerized legal research under 28 U.S.C. § 2412(d)(1)(A)); *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997) (allowing recovery of the costs of "items such as photocopying, mileage, meals, and postage").

Here, Plaintiffs seek recovery of expenses in the total amount of $399,004.24. Attached as Appendix B to this motion is a spreadsheet that provides a detailed and itemized account of all expenses requested by

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 19
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs.[13]  *See also* Stafford Decl. ¶¶ 26-30.  All the expenses were necessarily and reasonably incurred in the course of providing representation to the Plaintiffs, and are recoverable as part of an award of attorneys' fees.

## IV.    CONCLUSION

This Voting Rights Act case—the first of its kind in Washington—required Plaintiffs' counsel to invest substantial time, energy, and resources to give the case the care and attention it deserved, particularly given the vigor with which Defendants mounted their defense.  The outcome Plaintiffs secured will benefit the City as a whole, and in particular the thousands of Latino citizens in Yakima who will now be able to participate equally in the process of electing their Council representatives.  Plaintiffs respectfully submit that the Court should award in full:  (1) $2,443,601 in attorneys' fees, and (2) $399,004.24 in litigation expenses.

---

[13] Plaintiffs are in possession of back-up documentation for their expenses. Given the protracted nature of this litigation, this documentation is extremely voluminous, but could be provided upon request.

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 20
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED: March 3, 2015

s/ Kevin J. Hamilton, WSBA No. 15648
Kevin J. Hamilton, WSBA No. 15648
Abha Khanna, WSBA No. 42612
William B. Stafford, WSBA No. 39849
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: KHamilton@perkinscoie.com
Email: AKhanna@perkinscoie.com
Email: WStafford@perkinscoie.com

s/ Sarah A. Dunne
Sarah A. Dunne, WSBA No. 34869
La Rond Baker, WSBA No. 43610
ACLU Foundation
901 Fifth Avenue, Suite 630
Seattle, Washington 98164
Telephone: (206) 624-2184
Email: dunne@aclu-wa.org
Email: lbaker@aclu-wa.org

s/ Joaquin Avila
Joaquin Avila (*pro hac vice*)
P.O. Box 33687
Seattle, WA 98133
Telephone: (206) 724-3731
Email: joaquineavila@hotmail.com

s/ M. Laughlin McDonald
M. Laughlin McDonald (*pro hac vice*)
ACLU Foundation
230 Peachtree Street, NW Suite 1440
Atlanta, Georgia 30303-1513
Telephone: (404) 523-2721
Email: lmcdonald@aclu.org

**Attorneys for Plaintiffs**

PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND EXPENSES
– 21
68142-0004/LEGAL123740734.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on March 3, 2015, I electronically filed the foregoing Plaintiffs' Motion for Attorneys' Fees and Expenses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

| | | |
|---|---|---|
| Francis S. Floyd WSBA 10642<br>John Safarli WSBA 44056<br>Floyd, Pflueger & Ringer, P.S.<br>200 W. Thomas Street, Suite 500<br>Seattle, WA 98119<br>(206) 441-4455<br>ffloyd@floyd-ringer.com<br>jsafarli@floyd-ringer.com | *Counsel for*<br>*Defendants* | ☒ VIA CM/ECF<br>SYSTEM<br>☐ VIA FACSIMILE<br>☐ VIA MESSENGER<br>☐ VIA U.S. MAIL<br>☐ VIA EMAIL |

I certify under penalty of perjury that the foregoing is true and correct.


DATED: March 3, 2015          **PERKINS COIE LLP**


s/Abha Khanna
Abha Khanna, WSBA No. 42612
AKhanna@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
(206) 359-8312

Attorney for Plaintiffs


CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000